UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KELVIN GERARDO SILVA LUCENA,** <br><br> Petitioner, <br><br> v. <br><br> **LUIS SOTO,** *et al.***,** <br><br> Respondents. | Case No. 26–cv–00143–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Kelvin Gerardo Silva Lucena's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1), motion for an order to show cause (ECF No. 2), and motion for a temporary restraining order (ECF No. 3.)  Respondents Delaney Hall Detention Facility (Facility) Director Luis Soto, Department of Homeland Security (Department) Secretary Kristi Noem, United States Attorney General Pamela Bondi, Immigration and Customs Enforcement (ICE) Director Todd M. Lyons, and ICE Newark Field Office Director John Tsoukaris oppose the Petition and motions.  (ECF No. 6.)  For the following reasons, I will grant the Petition to the extent that petitioner seeks an order requiring respondents to provide him with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

    **I.**    **BACKGROUND**

    Petitioner is a citizen of Venezuela.  (ECF No. 1 ¶ 1.)  He fled Venezuela in 2021 due to deteriorating conditions and entered the United States in December 2021.  (*Id.*)  At the time of his entry, he was not admitted or paroled into the United States by an immigration officer.  (ECF No. 6–1 p. 1.)

On November 10, 2025, petitioner reported to a scheduled ICE appointment.  (ECF No. 1 ¶ 24.)  Petitioner was detained at that time and taken to Delaney Hall.  (*Id.* ¶ 2.)  The Department issued a Notice to Appear (Notice) to petitioner, requiring him to appear before an immigration judge in Newark, New Jersey.  (ECF No. 6–1 p. 1.)  Petitioner was charged with being a noncitizen present in the country without admission or parole and being without the proper documents pursuant to Immigration and Nationality Act (INA) §§ 212(a)(6)(A)(i), 212(a)(7)(A)(i)(I). (*Id.*)

Petitioner filed the Petition on January 8, 2026.  (ECF No. 1.)  He also filed a motion for an order seeking injunctive relief in the form of an order preventing respondents from transferring him while the Petition was pending.  (ECF No. 3.)  On January 12, 2026, I ordered respondents to answer the Petition and prohibited them from moving petitioner outside of the District of New Jersey pending further order. (ECF No. 4.)  Respondents filed an answer to the Petition on January 12, 2026.   (ECF No. 6.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, I have habeas jurisdiction over his claims.  *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

### III. DISCUSSION

Petitioner argues that respondents are illegally detaining him without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2).  (ECF No. 1 ¶ 55.)  He asserts that immigration judges are categorically declining to hold bond hearings for noncitizens who are detained pursuant to § 1225(b) based on a Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025).  (*Id.* ¶ 56.)  Petitioner asserts that his detention can only be justified pursuant to INA § 236, codified at 8 U.S.C. § 1226, and that he is at a minimum entitled to an individualized assessment for release by an immigration judge.  (*Id.* ¶ 59.)

Respondents assert that petitioner is lawfully detained pursuant to § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole who was initially detained by immigration authorities in the interior of the country without having been lawfully admitted.  Accordingly, [p]etitioner is an 'applicant for admission' who is not entitled to a bond hearing."  (ECF No. 6 p. 2.)

Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal hearings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'"  *Bethancourt Soto v. Soto,* No. 25–cv–16200, __ F. Supp. 3d __, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025).

Here, petitioner was not seeking to be admitted when ICE agents detained him; he had already been living inside the United States for four years. "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25–cv–14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025). Therefore, § 1226(a), which applies to noncitizens already present in the United States, is the more applicable statute. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (noting that "[s]ection 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.") "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25–cv–11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89).

This is a "pure[ly] legal question about which section governs. If it's 1225(b), then detention is mandatory. No discretion. If it's 1226, then due process protections apply, and a bond hearing is mandatory. No discretion." *Kashranov v. Jamison*, No. 2:25–cv–05555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025). The majority of courts have rejected respondents' wide-sweeping interpretation of § 1225(b)(2)(A), as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] Accordingly, I find

---

[1] I am not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

4

that petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and petitioner's due process rights. Respondents are ordered to treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

### IV. CONCLUSION

For the reasons stated above, the Petition is granted. The motions shall be dismissed as moot. Respondents shall treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing before an immigration judge within 14 days. Respondents shall file a letter on the docket within 5 days of this Opinion and Order indicating the date of the hearing. An appropriate Order accompanies this Opinion.

        */s/ Edward S. Kiel*
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2026